Arturo **OCHOA-SALGADO**, Petitioner

v.

**Sally Q. YATES, Acting U.S. Attorney General**, Respondent

No. 15-60343

United States Court of Appeals,
Fifth Circuit.

Filed January 24, 2017

Felipe D. J. Millan, El Paso, TX, for Petitioner

Annette Marie Wietecha, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

In May 2015, Arturo Ochoa-Salgado filed a petition for review of the Board of Immigration Appeals' decision that he was ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). The BIA determined Ochoa-Salgado did not meet his burden of proof to establish that his 2008 conviction under Texas Health and Safety Code § 481.112 was not an aggravated felony.

On January 3, 2017, we asked the parties to file letter briefs addressing the following question:

In light of *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), did the BIA err when it determined that Ochoa-Salgado failed to show that his conviction under Texas Health and Safety Code § 481.112 was not an aggravated felony under the Immigration and Nationality Act?

The Attorney General takes the position that the BIA's decision is now inconsistent with this circuit's law. In light of new developments in the law, the Attorney General filed a motion to remand the case to the BIA. Though Ochoa-Salgado argues we should resolve the case here, we determine that it is preferable for the BIA to make the initial decision on the manner in which current law affects the issues in the case. We VACATE the order of the BIA, GRANT the motion to remand, and DENY as unnecessary the motion to continue oral argument. We place no limitations on what actions the BIA should take on remand. We do not retain jurisdiction.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.